IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FREDDIE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 12 C 2420 |
| | ) | |
| PITT OHIO EXPRESS, LLC, | ) | Judge John Z. Lee |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Freddie Brown has sued his former employer, Defendant Pitt Ohio Express, LLC ("Pitt Ohio"), alleging that Pitt Ohio violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, by firing him for asking if he was eligible for leave under the Act and for requesting such leave. Pitt Ohio moved to dismiss the complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Because Pitt Ohio's motion to dismiss relied on matters outside of the pleadings, however, the Court notified the parties pursuant to Rule 12(d) that the motion would be treated as a summary judgment motion pursuant to Rule 56 and gave the parties a reasonable opportunity to present material facts. The parties complied. For the reasons provided herein, the Court grants Pitt Ohio's motion for summary judgment.

**Facts**

The following facts are undisputed. Brown was employed by Pitt Ohio as a truck driver. (Def.'s LR 56.1(a)(3) Stmt. ¶ 1.) On March 2, 2011, Brown asked Manager Roman Sakas whether Brown was eligible for leave pursuant to the FMLA, and Sakas understood that Brown wished to take a significant amount of time off from work immediately to be with his father, who was very ill. (*Id.* ¶ 4.) The next day, on March 3, 2011, Pitt Ohio terminated Brown's employment because he was ineligible to take FMLA leave, but Sakas told Brown that he could

reapply for a position if one were available when Brown was able to return to work. (*Id.* ¶ 1.) In the year prior to March 3, 2011, Brown worked 1045.37 hours. (*Id.*) On March 12, 2011, Brown's father died. (Def.'s Suppl. LR 56.1(a)(3) Stmt. ¶ 5.) On April 2, 2012, Brown sued Pitt Ohio for violating the FMLA.

**Discussion**

"Summary judgment is appropriate if the moving party demonstrates that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)). "A genuine issue of material fact exists only if there is enough evidence that a reasonable jury could return a verdict in favor of the nonmoving party." *Peele v. Burch*, 722 F.3d 956, 958 (7th Cir. 2013). The non-moving party must inform the Court of the reasons, legal or factual, why summary judgment should not be entered. *See Liberles v. Cook Cnty.*, 709 F.2d 1122, 1126 (7th Cir. 1983). If the non-moving party fails to raise evidence or theories in its brief opposing summary judgment, the party forfeits any reliance on that evidence or those theories. *Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 389 (7th Cir. 2012); *Chi. Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011).

The FMLA provides that an "eligible employee" may take up to twelve work weeks of leave in a one-year period following certain events: a disabling health problem; a family member's serious illness; or the arrival of a new son or daughter. 29 U.S.C. § 2612(a)(1). An "eligible employee" is an employee who has worked for the employer for at least one year and for at least 1,250 hours during the year preceding the requested leave. *Id.* § 2611(2)(A).

The FMLA makes it unlawful for an employer to "interfere with, restrain, or deny the exercise or the attempt to exercise" any FMLA rights. 29 U.S.C. § 2615(a)(1). The Act also prohibits an employer from retaliating against an employee for exercising his or her FMLA

rights. *See id.* § 2615(a)(2) (prohibiting "any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter"); *id.* § 2615(b) (making it unlawful for any employer to discharge or discriminate against anyone for exercising rights under the FMLA); *see also Kauffman v. Fed. Express Corp.*, 426 F.3d 880, 884 (7th Cir. 2005) ("We have construed [§ 2615(a)(2) and (b)] to create a cause of action for retaliation.") Brown has sued Pitt Ohio for FMLA interference and retaliation.

I. **FMLA Interference**

To prove interference with one's FMLA rights, an employee must establish that: (1) he was eligible for FMLA protection; (2) his employer was covered by the FMLA; (3) he was entitled to take leave under the FMLA; (4) he provided sufficient notice of his intent to take FMLA leave; and (5) his employer denied him the right to FMLA benefits. *Righi v. SMC Corp.*, 632 F.3d 404, 408 (7th Cir. 2011). "There can be no doubt that the request — made by an ineligible employee for leave that would begin when she would still have been ineligible — is not protected by the FMLA." *Basden v. Prof'l Transp., Inc.*, 714 F.3d 1034, 1039 (7th Cir. 2013).

Here, it is undisputed that Brown had not worked 1,250 hours during the year prior to his inquiry as to his eligibility for FMLA leave and his request for FMLA leave. (Def.'s LR 56.1(a)(3) Stmt. ¶ 1.) Consequently, it is undisputed that Brown was not an "eligible employee" entitled to FMLA protection, and summary judgment must be granted as to his FMLA interference claim. *See Basden*, 714 F.3d at 1039.

Brown argues that he need not be an "eligible employee" because requiring an employee to be FMLA-eligible before the employee inquires about eligibility would frustrate the FMLA's purpose of protecting employees. Otherwise, Brown contends, an employer could simply

terminate an inquiring employee before the employee becomes eligible. For support, Brown cites *Reynolds v. Inter-Industry Conference on Auto Collision Repair*, 594 F. Supp. 2d 925 (N.D. Ill. 2009). But *Reynolds* is readily distinguishable.

In *Reynolds*, the plaintiff was fired immediately after he told his employer he would need FMLA leave in the near future. *Id.* at 926-27. He was not eligible for FMLA leave when he made that statement, but he would have been eligible three months later, when his requested leave would have begun. *Id.* at 926. The defendant in *Reynolds*, like Defendant here, moved to dismiss the plaintiff's interference claim, arguing that the plaintiff had not been eligible for FMLA leave when he had requested it or when he was fired. *Id.* at 927. The issue before the court was whether an employee would be barred from proceeding with an FMLA claim if he or she was ineligible at the time of the request for FLMA leave, but became eligible when the requested leave would have commenced. *Id.*

Noting that "[i]t would be illogical to interpret the notice requirement in a way that requires employees to disclose requests for leave which would, in turn, expose them to retaliation, or interference, for which they have no remedy," *id.* at 928, the *Reynolds* court denied the motion to dismiss, holding that "under the FMLA, an employer may not terminate an employee who has worked less than [the statutorily required] twelve months for requesting foreseeable future leave that the employee will be eligible for and entitled to at the time the leave is to begin." *Id.* at 930.

Here, unlike the plaintiff in *Reynolds*, Brown has not created a material issue of fact as to whether he would have been an "eligible employee" at the time of his requested leave. It is undisputed that in the year prior to his termination date, Brown worked 1045.37 hours. (Def.'s LR 56.1(a)(3) Stmt. ¶ 1.) It is also undisputed that on March 2, 2012, Sakas believed that Brown

was asking whether he was eligible for FMLA leave and, if so, whether he could take FMLA leave immediately to take care of his father who was seriously ill. (*Id.* ¶ 4; Def.'s Ex. 5, Sakas Decl. ¶¶ 4-9.) In response, Brown asserts that he did not specify a date on which any FMLA leave would have begun. (*See* Pl.'s LR 56.1(a)(3) Stmt. ¶ 3.) But, he fails to cite and provide evidence to support the statement as required by Northern District of Illinois Local Rule 56.1.[1] However, even if the Court were to consider Brown's unsupported statement (which it does not), nowhere does Brown identify the date on which his requested FMLA leave was to commence, even though Brown was provided an opportunity to do so.

In sum, it is undisputed that Brown was not an "eligible employee" when he first requested FMLA leave. Additionally, Brown has failed to establish a triable issue of fact regarding as to whether he would have been an "eligible employee" at the time that he intended to take the requested leave. *See*, *e.g.*, *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001) (finding that an *eligible* employee's right to take FMLA leave "includes the right to declare an intention to take such leave in the future"); *Pereda v. Brookdale Senior Living Cmtys., Inc.*, 666 F.3d 1269, 1270-71 (11th Cir. 2012) (holding that "the FMLA protects a pre-eligibility request for *post-eligibility* maternity leave.") (emphasis added). Accordingly, the Court grants Pitt Ohio's motion for summary judgment as to Brown's FMLA interference claim.

II.     **FMLA Retaliation**

To state an FMLA retaliation claim, a plaintiff must allege that he (1) engaged in activity protected by the FMLA; (2) he suffered an adverse employment action; and (3) a causal

---

[1] This Court strictly enforces Local Rule 56.1's requirements. *See Benuzzi v. Bd. of Educ. of City of Chi.*, 647 F.3d 652, 655 (7th Cir. 2011) (stating that it is well within the district court's discretion to strictly enforce Local Rule 56.1). Brown, who is represented by counsel, failed to support any of his fact statements or responses to Pitt Ohio's statement of facts with a citation to the record. (*See* Pl.'s LR 56.1(a)(3) Stmt. ¶¶ 1-5; Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 1-4.) These omissions are troubling given that certain information in Brown's fact statements is peculiarly within Brown's personal knowledge. Accordingly, the Court disregards all unsupported fact statements.

connection exists between the two. *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 670 (7th Cir. 2011). Because Brown has failed to create a triable issue as to whether he was an "eligible employee" under the FMLA either at the time of the request or the commencement of the requested leave, he cannot allege that he has engaged in activity protected by the FMLA. *See Bliss v. Jennifer Convertibles, Inc.*, No 01 C 8661, 2003 WL 22239655, at *17 (N.D. Ill. Sept. 29, 2003) ("there is ample authority for the . . . proposition . . . that one cannot bring a claim for retaliation under the [FMLA] in response to a request for FMLA leave if one is ineligible for FMLA leave"); *Sewall v. Chi. Transit Auth.*, No. 99 C 8372, 2001 WL 40802, at *8 (N.D. Ill. Jan. 16, 2001) ("Since [plaintiff's] leave was not covered by the FMLA, [defendant] could not have retaliated against [plaintiff] for taking FMLA leave."); *Thoele v. U.S. Postal Serv.*, 996 F. Supp. 818, 821 n.1 (N.D. Ill. 1998) ("To state a claim for retaliation under the FMLA, the plaintiff must first establish that he or she was protected by the FMLA at the time the leave was taken.") As a result, the Court grants Pitt Ohio's motion for summary judgment as to Brown's FMLA retaliation claim.[2]

### III. Proper Notice of FMLA Eligibility

Finally, Brown alleges that Pitt Ohio failed to provide him proper notice under the FMLA. "When an employee requests FMLA leave . . . the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days." 29 C.F.R. § 825.300(b). "Failure to follow the notice requirements . . . may constitute an interference." *Id.* § 825.300(e). But "the FMLA provides no remedy unless the action interfered with, retrained or denied [Plaintiff's] exercise of his rights under the FMLA." *Darst v. Interstate Brands Corp.*,

---

[2] Because Brown has failed to establish an issue for trial regarding the first element of an FMLA retaliation claim, the Court need not address Pitt Ohio's argument that there is insufficient evidence for trial regarding the third element of a retaliation claim – the existence of a causal connection between his inquiry and his termination.

6

512 F.3d 903, 910 (7th Cir. 2008) (citing 29 U.S.C. §§ 2615(a)(1), 2617, *Ragsdale v. Wolverine World Wide*, 535 U.S. 81, 89 (2002) (§ 2617 affords no relief unless the employee has been prejudiced by the violation), and *Harrell v. U.S. Postal Serv.*, 445 F.3d 913, 928-29 (7th Cir. 2006) (same)). "Of course, there could be no interference if [Plaintiff] had no right to FMLA leave." *Id.*

Here, Brown asserts that, instead of notifying him about his FMLA eligibility, Pitt Ohio fired him the day after he inquired about it. But, as discussed, Brown has failed to raise a genuine issue of material fact as to whether he was an "eligible employee" under the FMLA and entitled to FMLA rights. Accordingly, Brown has failed to raise a genuine issue as to whether Pitt Ohio has interfered with Brown's FMLA rights.

## Conclusion

For these reasons, the Court grants Pitt Ohio's motion to dismiss [22], which the Court converted to a motion for summary judgment. This case is hereby terminated.

**SO ORDERED**                                **ENTER: 9/16/13**

                                                      **JOHN Z. LEE**
                                                      **U.S. District Judge**